UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MINA GUIRGUIS,

        Plaintiff,

     -against-                              COMPLAINT

THE CITY OF NEW YORK,  JOHN and JANE
DOES 1 through 3,                         Index No.: 12 civ 8658
                                                       <u>Jury Trial Demanded</u>

        Defendants,
_____

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this civil rights action against the City of New York and individual employees of the New York City Police Department and Fire Department alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by assaulting him and using unreasonable force on him.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION**

2.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, inter alia, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. Plaintiff MINA GUIRGUIS is a resident of New York.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. The New York City Fire Department (the "Fire Department") acts as first responders to fires, public safety and medical emergencies, disasters and terrorist acts. The Department also conducts fire prevention, investigation and education programs.

9. At all relevant times herein, defendants JOHN and JANE DOES 1 through 3 (collectively, the "Individual Defendants"), were employed by the NYPD or the Fire Department and were acting in the capacity of agents, servants, and employees of the City.

10. Mr. Guirguis is unable to determine the actual names of John and Jane Does 1 through 3 at this time and thus sues them under fictitious names.

11. At all times relevant herein, the Individual Defendants were acting under

color of state law in the course and scope of their duties and functions as agents, servants, or employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

12. On or about August 25, 2012, the Individual Defendants, while conducting official business for the City of New York, illegally entered the premises of 59 Fifth Avenue, New York, New York. One of the Individual Defendants appeared to be from the NYPD; the other two Individual Defendants were from the Fire Department. The entry of the Individual Defendants was illegal because they did not have the permission of any resident to enter, and the did not have a warrant allowing them entry.

13. Once they gained illegal entry to the Premises, the Individual Defendants proceeded to harass building residents including the plaintiff. When the plaintiff asked the Individual Defendants what basis they had to enter the Premises, John Doe 1 assaulted the plaintiff by laying hands on the plaintiff and placing the plaintiff in a choke hold. The other Individual Defendants did nothing to restrain John Doe 1.

14. Mr. Guirguis suffered damage as a result of defendants' actions. Mr. Guirguis suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation, and pain.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unreasonable Force**

15. Plaintiff repeats the foregoing allegations.

16. Defendants' use of force upon Mr. Guirguis or their failure to intervene to stop the use of force on him was objectively unreasonable and caused Mr. Guirguis pain, bruising and swelling.

17. Accordingly, the defendants are liable to Mr. Guirguis under the Fourth Amendment for using unreasonable force on him.

## SECOND CAUSE OF ACTION
### Failure to Intervene

18. Plaintiff repeats the foregoing allegations.

19. Defendants had a reasonable opportunity to prevent the violations of Mr. Guirguis's constitutional rights, but they failed to intervene.

20. Accordingly, the defendants are liable to Mr. Guirguis for failing to intervene to prevent the violation of his constitutional rights.

## THIRD CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

21. Plaintiff repeats the foregoing allegations.

22. By detaining Mr. Guirguis under color of law the Individual Defendants violated Mr. Guirguis's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, inter alia, be free from unreasonable seizures.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

23. . Plaintiff repeats the foregoing allegations.

24. Municipal liability for the violations of Mr. Guirguis's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

25. At all times material to this complaint, the defendant City, acting through the NYPD, the Fire Department and the Individual Defendants, had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

26. At all times material to this complaint, the defendant City, acting through the NYPD, the Fire Department and the Individual Defendants, had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### FIFTH CAUSE OF ACTION
### Assault

27. Plaintiff repeats the foregoing allegations.

28. Defendants' use of force on plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

29. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

### SIXTH CAUSE OF ACTION
### Battery

30. Plaintiff repeats the foregoing allegations.

31. Defendants' acts of force upon Mr. Guirguis were offensive and nonconsensual physical contacts which injured plaintiff.

32. Accordingly, the defendants are liable to Mr. Guirguis under New York state law for battery.

## NINTH CAUSE OF ACTION
### Vicarious Liability Claims against the City of New York

33. Plaintiff repeats the foregoing allegations.

34. The individual defendants were acting within the scope of their employment as members of the NYPD or the Fire Department when the Individual Defendant assaulted and battered Mr. Guirguis.

35. Accordingly, the City of New York is vicariously liable to Mr. Guirguis under New York state law for assault and battery.

**WHEREFORE**, the plaintiff requests that this Court:

1. Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally;

2. Award plaintiff reasonable costs, disbursements and attorneys fees; and

3. Grant any other relief the Court deems just.

New York, New York
November 12, 2012

/s/ Roy A. McKenzie
_____
Roy A. McKenzie (RM6670)
110 East 42nd Street, Suite 1302
New York, NY 10017
Tel.: 212-832-3696
ramck@mindspring.com

Attorney for the Plaintiff